## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------- x
                                          :

**BARBARA CHASE**
**on behalf of herself and**
**similarly situated employees,**

             *Plaintiff*,

             **v.**

**JPMORGAN CHASE BANK, NA,**

             *Defendant.*

-------------------------------------------------------- X

: **Civil Action No.**

: **INDIVIDUAL AND**
: **COLLECTIVE/CLASS**
: **ACTION COMPLAINT**

: **Jury Trial Demanded**

: **Electronically Filed**

## INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1.    This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.3, and the common law (breach of contract) to recover damages for non-payment of wages.

2.    Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.    The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, and Columbus, OH, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4.    **Plaintiff Barbara Chase** resides in South Park, PA 15129.  Plaintiff Chase worked for Defendant JPMorgan Chase Bank, NA, in Columbus, OH, initially as a Mortgage Specialist from on or about July 5, 2016, through in or about July 2019, and transferred to the position of Relationship Banker in Pittsburgh, PA, in or about August 2019 where she worked until on or about November 1, 2019.

5.    Plaintiff regularly performed work within the states of Pennsylvania and Ohio.

6.    **Defendant JPMorgan Chase Bank, NA.,** a national banking and financial services company, maintains its corporate headquarters in New York, NY, and operates offices in the Commonwealth of Pennsylvania, the state of Ohio, and the other 48 states.

7.    At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

8.    Defendant employs in excess of 5,000 full time employees.

9.    Defendant has annual revenues in excess of $150 billion.

10.   Defendant has regularly employed individuals in the states of Pennsylvania, and Ohio, and the other 48 states, including Plaintiff, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the PMWA, the WPCL and the common law (breach of contract).

## Statement of Claims

11.   Plaintiff was a Mortgage Specialist and, then, a Relationship Banker beginning in or

2

about July 2016.

12.    She worked first from Defendant's offices in Columbus, OH, and then from Defendant's offices in Pittsburgh, PA.

13.    There have been in excess of 50 other Mortgage Specialists working from the Columbus, OH, offices since December 2016 (three years before the filing of this Complaint) and in excess of 50 Relationship Bankers working from Defendant's offices in Pittsburgh, PA, since December 2016.

14.    There have been in excess of 200 Mortgage Specialists and in excess of 200 Relationship Bankers throughout Ohio and Pennsylvania, respectively, since December 2016.

15.    There have been over 500 Mortgage Specialists and over 500 Relationship Bankers at the other offices in the United States (hereinafter referred to as "the nationwide offices") since December 2016.

16.    Plaintiff was a W-2 employee.

17.    Plaintiff was an employee within the meaning of the FLSA, the PMWA and the common law.

18.    Plaintiff's primary duty was to perform as a Mortgage Specialist and then a Relationship Banker.

19.    As a Mortgage Specialist her primary duty concerned Defendant's mortgage products, specifically, to review mortgage applications to assure compliance with Federal HUD requirements.

20.    As a Relationship Banker her primary duty also concerned Defendant's mortgage products, specifically, inside sales and customer relations.

21.    Plaintiff typically was scheduled to work 5 shifts each week at each office.

22.    Plaintiff's shift both at the Columbus, OH, office and at the Pittsburgh, PA, office was normally 8 ½ hours.

23.    This was the standard shift (8 ½ hours) for the other Mortgage Specialists and Relationship Bankers at the Columbus and Pittsburgh offices.

24.    This was the standard shift (8 ½ hours) for the other Mortgage Specialists and Relationship Bankers at the nationwide offices.

25.    Plaintiff was paid an hourly wage ($18/hour plus overtime as a Mortgage Specialist; $17/hour plus overtime as a Relationship Banker).

26.    Plaintiff was non-exempt within the meaning of the FLSA, the PMWA and the common law.

27.    Plaintiff regularly worked more than 40 hours in workweeks at each office.

28.    Plaintiff was entitled to payment of overtime at one-and-one-half times her regular rate of pay for the hours worked in excess of forty hours in workweeks.

29.    Plaintiff clocked in and clocked out each day by entering into a work computer (PeopleSoft) when she started to work, when—if at all—she took a lunch break, and when she stopped working at the end of the day.

30.    The time-keeping system (PeopleSoft) was the same at both locations (Columbus and Pittsburgh).

31.    The time keeping system (PeopleSoft) was and is the same at the nationwide offices as at the Columbus and Pittsburgh offices.

32.    Defendant, a sophisticated employer with knowledge of its obligations under the FLSA, the PMWA and the common law, understood it was required to maintain accurate records of time worked by Plaintiff and the other Mortgage Specialists and Relationship Bankers.

4

33.    Notwithstanding this knowledge Defendant knowingly and intentionally falsified the time records of Plaintiff and the other Mortgage Specialists and Relationship Bankers in Pennsylvania and Ohio as well as the other nationwide offices.

34.    Specifically, as a matter of common custom, policy and practice Defendant regularly falsified the time records of Plaintiff and the other Mortgage Specialists and Relationship Bankers in Pennsylvania and Ohio as well as the other nationwide offices by either deleting hours recorded, or prohibiting the recording of hours worked, in order to reduce the recorded hours and, in turn, reduce pay (straight time and overtime) owed.

35.    The most common way Defendant would do this (falsify the time records) would be to simply deduct 30 minutes from the time records each workday for lunch.

36.    Management would regularly subtract the time for lunch breaks from Plaintiff's and the other Mortgage Specialists/Relationship Bankers' time records (even if lunch breaks were not taken) to bring hours to at or below 40 hours.

37.    Defendant also falsified the time records by prohibiting the recording of any work time in excess of 40 hours unless the time was pre-approved.

38.    Defendant knew this policy of prohibiting the recording of time worked resulted in working "off-the-clock" and the falsification of time records.

39.    By falsifying the time records Defendant regularly eliminated the records of overtime hours worked in many workweeks and, in turn, avoided paying overtime pay otherwise due to Plaintiff and the other Mortgage Specialists and Relationship Bankers.

40.    This was the policy in the Columbus, OH, and Pittsburgh, PA, offices. It was also, as noted above and below, the policy in the other Pennsylvania, Ohio and nationwide offices.

41.    By falsifying the time records Defendant also denied Plaintiff and the other Mortgage Specialists and Relationship Bankers the straight time pay promised.

42.     Defendant, as a sophisticated employer with knowledge of its obligations under the FLSA, understood it was prohibited from requiring or suffering to permit Plaintiff and the other Mortgage Specialists and Relationship Bankers from working "off-the-clock."

43.     Nevertheless, Plaintiff was told at both the Columbus, OH, and Pittsburgh, PA, offices to clock out for lunch breaks even though she did not normally take lunch breaks, and to clock out and continue to work if her hours were close to or about to exceed 40 hours in a workweek.

44.     The other Mortgage Specialists and Relationship Bankers in Pittsburgh and Columbus were told the same thing (Par. 43).

45.     Plaintiff and the other Mortgage Specialists and Relationship Bankers in Columbus, OH, and Pittsburgh, PA, were all specifically told overtime was not permitted unless pre-approved despite the fact management knew this resulted in working "off-the-clock."

46.     Similarly, upon information and belief, the other Mortgage Specialists and Relationship Bankers at the Ohio and Pennsylvania offices, and at the other nationwide offices, were told the same thing: clock out for breaks regardless of whether the breaks were actually taken, clock out and continue to work if they were close to or about to exceed 40 hours in a workweek, and not to record overtime worked unless such overtime was pre-approved.

47.     As a matter of common policy and practice Defendant has falsified the time records worked by Plaintiff and the other Mortgage Specialists and Relationship Bankers and, in turn, has failed to pay wages (straight and overtime) due.

48.     Plaintiff regularly complained to management and Human Resources (HR) about these practices (falsifying time records, requiring off-the-clock work, failing to pay for all hours worked) for herself and the other Mortgage Specialists and Relationship Bankers.

49.     Notwithstanding these complaints Defendant failed to correct its common policy of falsifying time records and, in turn, failed to pay straight time and overtime wages due.

6

50.    Defendant knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay for overtime worked.

51.    Defendant also violated the common law of contracts, and the Pennsylvania Wage Payment and Collection Law (WPCL), by breaching its contractual duty to pay Plaintiff and the other Mortgage Specialists and Relationship Bankers their promised wages.

52.    Despite its contractual obligation to compensate Plaintiff and the other Mortgage Specialists and Relationship Bankers for work performed, Defendant breached those contractual obligations when it withheld Plaintiff and the other Mortgage Specialists/Relationship Bankers' wages by subtracting lunch breaks from the hours worked and requiring the Mortgage Specialists and Relationship Bankers to work off-the-clock.

53.    Defendant did not have any good-faith basis on which to withhold the wages.

54.    As a result of Defendant's breaches, Plaintiff and the other Mortgage Specialists and Relationship Bankers have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

55.    Defendant's violations of the FLSA, the PMWA, the WPCL and the common law have been knowing, willful and in reckless disregard of the FLSA, the PMWA, the WPCL and the common law of contracts.

### Collective/Class Action Averments

56.    There are at least 200 other Mortgage Specialists and 200 other Relationship Bankers who have been employed by Defendant since December 2016 (three years prior to the filing of this Complaint) in Ohio and Pennsylvania.

57.    There are at least 500 Mortgage Specialists and at least 500 Relationship Bankers who

7

have been employed by Defendant since December 2016 throughout the country (Pennsylvania, Ohio and the nationwide offices)(hereinafter referred to as "similarly situated Mortgage Specialists and Relationship Bankers").

58.    The other similarly situated Mortgage Specialists and Relationship Bankers (within Ohio, Pennsylvania and the other nationwide offices) have performed the same primary duties as Plaintiff (see Pars. 18-20, above).

59.    The other similarly situated Mortgage Specialists and Relationship Bankers have been W-2 employees.

60.    The other similarly situated Mortgage Specialists and Relationship Bankers have been and are, like Plaintiff, paid an hourly wage (at or about $18/hour plus overtime as a Mortgage Specialist/at or about $17/hour plus overtime as a Relationship Banker).

61.    The other similarly situated Mortgage Specialists and Relationship Bankers have been employees within the meaning of the FLSA, the PMWA and the common law.

62.    The other similarly situated Mortgage Specialists and Relationship Bankers are, like Plaintiff, non-exempt within the meaning of the FLSA and PMWA.

63.    The other similarly situated Mortgage Specialists and Relationship Bankers are, like Plaintiff, normally scheduled for an 8 ½ hour shift five days per week.

64.    The other similarly situated Mortgage Specialists and Relationship Bankers have, like Plaintiff, regularly worked more than 40 hours in workweeks.

65.    The other similarly situated Mortgage Specialists and Relationship Bankers, like Plaintiff, report through a common chain-of-command:    Assistant Manager, Manager, District/Regional Manager, Vice President and up through the President and CEO.

66.    As with Plaintiff, Defendant fails to maintain accurate records of time worked for the other similarly situated Mortgage Specialists and Relationship Bankers.

67.     In fact, as with Plaintiff, Defendant has a common policy and practice of falsifying time records (deleting time from the records submitted by the Mortgage Specialists and Relationship Bankers and/or discouraging the recording of time worked) in order to avoid paying overtime and straight time wages.

68.     Defendant also has a common policy and practice of instructing the other similarly situated Mortgage Specialists and Relationship Bankers, as with Plaintiff, to work off-the-clock in order to avoid having to pay overtime.

69.     The other similarly situated Mortgage Specialists and Relationship Bankers employed by Defendant in Pennsylvania, Ohio and elsewhere in the nationwide offices over the past three years have been subject to the same pay and time-keeping policies and practices as Plaintiff (see Pars. 21-47, above.)

70.     The other similarly situated Mortgage Specialists and Relationship Bankers employed by Defendant in Pennsylvania, Ohio and elsewhere in the nationwide offices over the past three years have regularly worked overtime.

71.     Defendant has knowingly and intentionally failed to pay the other similarly situated Mortgage Specialists and Relationship Bankers, like Plaintiff, in Pennsylvania, Ohio and elsewhere in the nationwide offices for their overtime hours either at the straight rate or proper overtime rate.

72.     The other similarly situated Mortgage Specialists and Relationship Bankers, like Plaintiff, have been non-exempt within the meaning of the FLSA.

73.     The other similarly situated Mortgage Specialists and Relationship Bankers, like Plaintiff, have been non-exempt within the meaning of the PMWA and the common law.

74.     Defendant's failure to pay overtime due to the other similarly situated Mortgage Specialists and Relationship Bankers, like Plaintiff, employed by Defendant over the past

three years in Pennsylvania, Ohio and elsewhere in the nationwide offices, and its failure to maintain accurate records of time worked, has been in violation of the FLSA, the PMWA and the common law.

75.    Defendant has knowingly and intentionally violated the FLSA, PMWA, the Ohio wages laws and the common law with respect to the failure to pay overtime and straight wages, and failure to maintain accurate time records in Pennsylvania, Ohio and elsewhere in the nationwide offices.

### COUNT I:  VIOLATION OF THE FLSA
### Individual and Collective Action (Pennsylvania, Ohio and Nationwide)

76.    Plaintiff incorporates by reference the preceding paragraphs of this complaint.

77.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers (in Pennsylvania, Ohio and in the nationwide offices) are employees of Defendant within the meaning of the FLSA.

78.    Defendant is an employer within the meaning of the FLSA.

79.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers have been paid an hourly rate.

80.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers have performed the same primary duties (see Pars. 18-20, above).

81.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers have been non-exempt within the meaning of the FLSA.

82.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers have been scheduled the same standard shifts (8 ½ hours per day x 5 days per week).

83.     Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers have regularly worked more than forty hours per week (overtime work).

84.     As a matter of a common custom, policy and practice, Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers for all hours of overtime.

85.     As a matter of a common custom, policy and practice, Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers at the proper overtime rate.

86.     As a matter of a common custom, policy and practice, Defendant has failed to maintain accurate records of time worked for Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers.

87.     Defendant's failure to pay overtime at the proper rate for all hours of overtime to the similarly situated Mortgage Specialists and Relationship Bankers has violated and continues to violate the FLSA.

88.     For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

89.     Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

90.     Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

11

## COUNT II:  VIOLATION OF THE PMWA
## Individual and Class Action (Pennsylvania)

91.    Plaintiff incorporates by reference the preceding paragraphs of this complaint.

92.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania are employees of Defendant within the meaning of the PMWA.

93.    Defendant is an employer within the meaning of the PMWA.

94.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania have been paid an hourly rate.

95.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania have performed the same primary duties (see Pars. 18-20, above).

96.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Banker in Pennsylvania are non-exempt within the meaning of the PMWA.

97.    Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania have regularly worked more than forty hours per week.

98.    As a matter of a common custom, policy and practice, Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania for all hours of overtime.

99.    As a matter of a common custom, policy and practice, Defendant has not paid overtime compensation to Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania at the proper overtime rate.

100.    As a matter of a common custom, policy and practice, Defendant has failed to pay Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers in

Pennsylvania for hours worked in overtime weeks at the promised rate.

101.  Defendant's failure to pay overtime to Plaintiff and similarly situated Mortgage
      Specialists and Relationship Bankers in Pennsylvania violates the PMWA.

102.  Defendant's failure to maintain accurate records of time worked for Plaintiff and
      similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania
      violates the PMWA.

103.  Plaintiff and similarly situated Mortgage Specialists and Relationship Bankers in
      Pennsylvania are entitled to recover from Defendant the overtime pay improperly
      withheld by Defendant, plus interest, attorneys' fees, and costs.

## COUNT III:  BREACH OF CONTRACT
## Individual and Class Action (Pennsylvania, Ohio and Nationwide)

104.  Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

105.  When Defendant hired Plaintiff and the other Mortgage Specialists and Relationship
      Bankers in Pennsylvania and Ohio and the nationwide offices Defendant made definite,
      clear promises to pay a certain hourly rate for hours worked.

106.  Those promises created enforceable contractual obligations.

107.  Plaintiff and the other similarly situated Mortgage Specialists and Relationship Bankers
      provided consideration for those promises by promising to deliver and actually delivering
      valuable services to Defendant.

108.  Despite its contractual obligation to compensate Plaintiff and the other similarly situated
      Mortgage Specialists and Relationship Bankers for work performed, Defendant breached
      those contractual obligations when it falsified time records and, in turn, failed to pay

13

Plaintiff and the other similarly situated Mortgage Specialists and Relationship Bankers for all hours worked.

109.    The amount owed to Plaintiff and the other similarly situated Mortgage Specialists and Relationship Bankers represents wages.

110.    Defendant did not have any good-faith basis on which to withhold the wages.

111.    As a result of Defendant's breaches, Plaintiff and the other similarly situated Mortgage Specialists and Relationship Bankers have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

112.    Plaintiff and the other similarly situated Mortgage Specialists and Relationship Bankers are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

## COUNT IV:  VIOLATION OF THE WPCL
### Individual and Class Action (Pennsylvania)

113.    Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

114.    Defendant's contractual obligation to pay Plaintiff and the other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania for hours worked each hour at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq.*

115.    The compensation Defendant failed to pay to Plaintiff and the other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania for hours worked constitutes wages within the meaning of the WPCL.

116.    Defendant violated the WPCL by failing to pay the promised wages for work Plaintiff

and the other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania performed.

117.   Defendant did not have any good-faith basis for withholding the promised wages.

118.   Plaintiff and the other similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania are entitled to unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

119.   WHEREFORE, Plaintiff and all others similarly situated respectfully request that this Court:

    A.   Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers (Pennsylvania, Ohio and nationwide offices);

    B.   Order Defendant to pay liquidated damages to Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers (Pennsylvania, Ohio and nationwide offices);

    C.   Order Defendant to pay Plaintiff and the similarly situated Mortgage Specialists and Relationship Bankers (Pennsylvania, Ohio and nationwide offices) for unpaid non-overtime wages;

    D.   Order Defendant to pay Plaintiff and the similarly situated Mortgage Specialists and Relationship Bankers in Pennsylvania penalties under the PA WPCL;

    E.   Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated Mortgage Specialists and Relationship Bankers (Pennsylvania, Ohio and nationwide offices); and

    F.   Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esq.
THE EMPLOYMENT RIGHTS GROUP, LLC
PA ID No. 39184
First & Market Building
100 First Avenue, Suite 650
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763/Fax: (412) 774-1994

*Counsel for Plaintiff*
Dated: <u>December 20, 2019</u>                *and all others similarly situated*

16